UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-01944 |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Dismiss Complaint Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 26) Defendant filed a memorandum in opposition to Plaintiff's motion with a request that any dismissal should be with prejudice or, if without prejudice, with conditions. (Doc. No. 28)

On September 23, 2014, Plaintiff filed his petition in the Circuit Court of St. Louis County, Missouri, seeking damages for his wrongful discharge from Defendant Charter Communications, Inc. Defendant removed the case to this Court on November 19, 2014. (Doc. No. 1) Plaintiff seeks dismissal because three associates have left his lead counsel's law firm, leaving his counsel "unable to properly prosecute this action going forward in conjunction with his existing caseload." (Doc. No. 27 at 2)

Motions under Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice are addressed to the sound discretion of the district court, Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986), which may attach "such terms and conditions" to the granting of a motion for voluntary dismissal as the Court "deems proper." See Rule 41(a)(2). "In exercising that discretion, a court

1

should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." Koener v. Johnson & Johnson, No. 4:06CV1420-HEA, 2007 WL 3026903, at *1 (E.D. Mo. Oct. 16, 2007) (quoting Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999)). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987).

Upon granting a voluntary dismissal, the Court has the authority to award costs and reasonable attorneys' fees to a defendant that were incurred in defending the action prior to dismissal. Pruiett v. Doe, No. 4:12CV1813-SPM, 2013 WL 1342369, at *2 (E.D. Mo. Apr. 3, 2013) (citations omitted). Alternatively, the Court may grant the voluntary dismissal but order that, if the plaintiff chooses to re-file the action against the defendant at a later date, then the plaintiff must pay the defendant's fees and costs associated with the dismissed action. Id. (citations omitted). See also, Kirkman v. Witt, No. 4:12CV1704-CDP, 2013 WL 2898184, at *2 (E.D. Mo. June 13, 2013).

Defendant asserts it has expended significant cost to remove this matter to federal court, serve and answer discovery, obtain discovery responses from Plaintiff, file the pending motion to compel, prepare for Plaintiff's deposition, and respond to this motion. As such, Defendant requests the Court order Plaintiff to pay its costs and attorneys' fees if the lawsuit is refiled and the cost of the drafting and filing of Defendant's motion to compel as a condition of dismissing this case. (Doc. No. 28 at 5-6)

This case has been pending for almost two years. Pursuant to the Case Management Order, discovery is scheduled to close on May 16, 2016 and the case is set for trial on October 24, 2016. (Doc. No. 19) Defendant's motion to compel is pending (Doc. No. 20) and Plaintiff's deposition is scheduled for tomorrow, Friday, April 22, 2016. Under these circumstances, it would be the Court's intent to grant the dismissal with conditions to prevent Plaintiff from gaining a tactical advantage as a result of its action. Specifically, if Plaintiff refiles this action in state or federal court in the future, the Court will require him to pay the costs and reasonable attorneys' fees Defendant expended in the present action, less any expenses Defendant incurred in the instant action for work that can be reused in the subsequent litigation. See, e.g., Bonner v. Daybreak Express, Inc., No. 4:11CV1047-CDP, 2012 WL 262678, at *2 (E.D. Mo. Jan. 27, 2012). The Court will require Defendant to submit a statement of its costs and fees incurred to date prior to ruling on Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that no later than **April 28, 2016**, Defendant Charter shall file with this Court a statement of its costs and reasonable attorneys' fees for which it seeks reimbursement. Plaintiff shall file any response no later than **Monday, May 2, 2016**. The Court will then rule on Plaintiff's motion for leave to dismiss and determine the amount of reasonable fees and costs to be awarded to Defendant.

Dated this 21st day of April, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**