UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN WEBB, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-01944 |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Dismiss Complaint Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 26)

**Background**

On September 23, 2014, Plaintiff filed his petition in the Circuit Court of St. Louis County, Missouri, seeking damages for his wrongful discharge from Defendant Charter Communications, Inc. Defendant removed the case to this Court on November 19, 2014. (Doc. No. 1) A Case Management Order was issued on February 4, 2015 (Doc. No. 13) and later amended on December 28, 2015 (Doc. No. 19). On March 28, 2016, Defendant filed a motion to compel Plaintiff's supplemental discovery responses. (Doc. No. 20) While Defendant's motion to compel was pending, Defendant noticed Plaintiff's deposition for April 19, 2016. On April 18, 2016, Plaintiff's counsel requested the deposition be postponed to April 22, 2016, and Defendant agreed. On April 19, 2016, Plaintiff moved for leave to dismiss his case without prejudice because three associates had left his lead counsel's law firm, leaving his counsel "unable to

1

properly prosecute this action going forward in conjunction with his existing caseload." (Doc. No. 27 at 2)

Defendant filed a memorandum in opposition to Plaintiff's motion with a request that any dismissal be with prejudice or, if without prejudice, with conditions. (Doc. No. 28) Given the circumstances of the case, the Court indicated its intent to grant the dismissal with conditions and ordered Defendant to submit a statement of its costs and fees incurred to date prior to ruling on Plaintiff's motion. (Doc. No. 29) On April 28, 2016, Defendant filed its Statement of Costs and Attorneys' Fees incurred in defending this lawsuit totaling $66,415.25. (Doc. No. 30) In response, Plaintiff argues the amount sought should be reduced significantly because Defendant has failed to demonstrate it would suffer "legal prejudice" if the case is dismissed without prejudice, and because Defendant has failed to provide adequate support for the amount it is seeking. (Doc. No. 33)

**Discussion**

Upon granting a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), the Court has the authority to award costs and reasonable attorneys' fees to a defendant that were incurred in defending the action prior to the dismissal. Pruiett v. Doe, No. 4:12-CV-1813-SPM, 2013 WL 1342369, at *2 (E.D. Mo. Apr. 3, 2013) (citations omitted). Alternatively, the Court may grant the voluntary dismissal but order that if the plaintiff chooses to re-file the action against the defendant at a later date, then the plaintiff must pay the defendant's fees and costs associated with the dismissed action. Id. (citations omitted). See also, Kirkman v. Witt, No. 4:12-CV-1704-CDP, 2013 WL 2898184, *2 (E.D. Mo. June 13, 2013).

In this case, the Court finds it appropriate to grant Plaintiff's dismissal on the condition that should he refile this or a similar action, he shall pay the reasonable attorneys' fees and costs

2

incurred by Defendant in removing the case to this Court, preparing for Plaintiff's deposition, researching and drafting its motion to compel, and drafting its response to Plaintiff's motion for leave to dismiss his complaint. The Court finds this condition will adequately protect Defendant from the burden of incurring duplicative expenses since these services could not be reused in a later-filed action. Pruiett, 2013 WL 1342369, at *3. See also Garner v. Union Pacific Railroad Co., No. 4:15-CV-00733 AGF, 2016 WL 612765, at *3 (E.D. Mo. Feb. 16, 2016).

According to its Statement of Costs and Attorneys' Fees, Defendant spent 21.1 hours of attorney time researching discovery issues and drafting its motion to compel, for a total of $6,378.00, and 8.2 hours of attorney time drafting its opposition to Plaintiff's motion for leave to dismiss his complaint, for a total of $3,000.00.[1] (Doc. No. 30 at ¶¶ 5, 6) Defendant also incurred costs of $400.00 removing the case to federal court. (Doc. No. 30-1 at ¶ 9) As for the time spent preparing for Plaintiff's previously scheduled deposition, the Court finds 10 hours of attorney time, billed at $420.00, for a total of $4,200.00, is a reasonable fee.

Thus, should Plaintiff refile his claims against Defendant at a later date, he shall pay Defendant **$13,978.00** as and for its reasonable attorneys' fees and costs expended in this case. The remaining $52,437.25 in fees and costs incurred by Defendant, while reasonable, appear to the Court to be for work that can be reused in any subsequent litigation. If Plaintiff fails to comply fully and timely with this condition, the Court may dismiss the refiled action with prejudice for failure to comply with the orders of the Court. See Rule 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Dismiss Complaint

---

[1] In her Declaration, counsel states that her hourly billing rates during the pendency of this litigation were $400 in 2014, $420 in 2015, and $420 in 2016. (Declaration of Krissa P. Lubben, Doc. No. 30-1 at ¶ 5) The hourly billing rates for co-counsel were $285 in 2014 and $300 in 2015 and 2016. (Id.)

Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2) [26] is **GRANTED** in part with the conditions set forth herein.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Defendant's Motion to Compel [20] and Plaintiff's Motion to Withdraw Attorneys [25] are **DENIED** as moot.

Dated this 16th day of May, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**